The Honorable John Bynum Prosecuting Attorney 312 West 2nd Street P.O. Box 1587 Russellville, AR 72801
Dear Mr. Bynum:
This is in response to your request for an opinion on the following questions:
 1. Does the Quorum Court have the authority under Arkansas Constitutional Amendment 55, Section 1 and Act 742 of 1977 (particularly Sections 69 and 70, which are Ark. Code Ann. §§ 14-14-801 and 14-14-802) to create by ordinance a county solid waste services committee as defined and described in the proposed ordinance?
 2. Can the Quorum Court appoint members of the proposed board in light of Ark. Code Ann. § 14-14-705(2)(D)?
 3. Can Quorum Court members serve on the proposed board in light of Ark. Code Ann. § 14-14-705(3)(D)?
 4. Does Act 752 of 1991 supersede and repeal Act 742 of 1977 as said act pertains to solid waste management?
It is my opinion that the Quorum Court has the general authority to create a county solid waste services committee ("Committee").[1] With regard to the exercise of authority granted to the Committee, it appears that the Arkansas Supreme Court has recently confirmed the authority of local governments to adopt landfill standards that are in addition to permits issued by regional solid waste management boards.[2] SeeCharles Johnson, County Judge, et al. v. Sunray Services, Inc.,
Ark.S.Ct. No. 90-329 (decided September 23, 1991). Thus, while questions may arise as the Ordinance is implemented and the Committee exercises its authority thereunder, it is my opinion that the answer to your first question is, generally, "yes."But see n. 2.
It is my opinion that your second and third questions must be answered in the negative. Even if it could be established that the Committee constitutes a special committee of the Quorum Court, members of such committees must be appointed by the County Judge. See A.C.A. § 14-14-904(d). It is my opinion, however, that this "Committee" is, in all likelihood, an "administrative board" governed by A.C.A. § 14-14-705. The extensive authority of the Committee, which includes non-quorum court members, compels this conclusion. Unlike advisory boards, administrative boards may exercise administrative powers granted by county ordinance. A.C.A. § 14-14-705. Administrative board members must be appointed by the county judge. A.C.A. § 14-14-705(2)(D). And, in accordance with A.C.A. § 14-14-705(3)(D), "[n]o member of a quorum court shall serve as a member of a county advisory or administrative board."
The answer to your fourth question is, in my opinion, "no." Butsee n. 2, supra.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] See discussion, infra, with regard to the makeup of the Committee (response to Questions 2 and 3).
[2] If the regional solid waste management board determines that the district is able to assume the solid waste management responsibilities of the district and it assumes responsibility for services (see A.C.A. § 8-6-710 (Cum. Supp. 1991)), questions may arise with respect to the Committee's continued area(s) of responsiblity and authority. Id. The Sunray Services case,supra, apparently did not involve any issues in this regard. It is my opinion, however, that questions would only arise in the event the regional board assumes responsiblity for and provides services, and then only as to those particular services.